MARY E. WINSTON *vs.* WINTHROP YOUNG.

August 3, 1891.

Deceit—Representations as to Condition of a Decedent's Estate.—The financial condition of an estate may be the subject of false representations by an executor or administrator having charge thereof.

Same—Complaint.—Complaint *held* to state a cause of action.

Action brought in the district court for Hennepin county, to recover $2,500 damages for alleged deceit. The cause coming on for trial before *Hooker,* J., the defendant moved for judgment on the pleadings. The motion was granted, judgment was entered, and the plaintiff appealed.

*George H. White,* for appellant.

*W. E. Akers* and *H. W. Young,* for respondent.

*By the Court.* This case was disposed of in the court below, upon a motion for judgment on the pleadings, which was granted. As the answer controverts the material averments of the complaint, the merits of the controversy, as respects the truth of the matters alleged, are not involved in the decision. For the purposes of the motion, the complaint is to be taken as true, while the inconsistent averments in the answer, denied by the reply, are to be taken as untrue or not established. The complaint, we think, states a cause of action. It was evidently drawn with reference to established rules of law applicable to this class of cases. It appears that the defendant was the executor of the estate mentioned, duly qualified and acting, and that he induced the plaintiff to loan and pay out for said estate the sum of $2,500, "upon trust and the credit thereof," by means of certain representations in respect to the condition or solvency of the

estate, namely, "that said estate was an estate safely to be trusted and given credit to in that respect;" the substance of which, more fully stated, is as follows: "That the payment by said plaintiff of $2,500 was needed for the preservation of certain land and premises to the estate, which were occupied by her as one of the heirs or legatees, and that there was no money out of which the amount could then be realized or obtained by the executors from which to then pay the same, and that, if plaintiff would pay said sum for said estate, the said estate would have money enough to repay said sum to her, and would pay the same to her, as soon as the executors could sell and dispose of property then belonging to the estate, and that he, as such executor, *knew* that it would be perfectly safe to loan to and pay out for said estate said sum of $2,500." This, we think, should be held to embody substantially a representation of the solvency of the estate which plaintiff was entitled to rely upon. The complaint also contains the further allegations necessary in such actions.

The material representations relied on are not matters of opinion, but of fact, and relate to the condition and credit of the estate,—a matter which he might be presumed to have knowledge of, and which it is alleged he stated he did know. Bigelow, Frauds, (Ed. 1888,) p. 481.

Judgment reversed, and new trial ordered.