# CASES

## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF MINNESOTA.

MARY E. WINSTON *vs.* WINTHROP YOUNG.

Argued Nov. 18, 1892.   Decided Dec. 16, 1892.

**Debts of Decedents' Estates, what are not.**

The payment of money, at the request of an executor, to relieve the estate from an incumbrance, does not create a debt allowable and payable as such out of the estate.

**Executor's Statements Immaterial, when.**

Therefore, a representation by the executor, made to induce the person to so pay money, that the estate is solvent and able to pay all its debts, is, in an action by such person against the executor, for deceit in making such representation, immaterial.

Appeal by plaintiff, Mary E. Winston, from an order of the District Court of Hennepin County, *Canty*, J., made July 2, 1892, denying her motion for a new trial.

The defendant, Winthrop Young, was on May 20, 1886, one of the executors of the will of James A. Lovejoy, deceased, and plaintiff was a legatee.   At the time of his death, Lovejoy was indebted to defendant's daughter Emily S. Kimball about $9,000 for real estate which he had contracted to purchase of her.   On that day defendant told Mrs. Winston that $2,500 of the money owing to Mrs. Kimball was past due; that the estate had no ready money to pay it; that Mrs. Kimball could and would cancel the contract unless this sum was paid her at once, and if plaintiff would pay Mrs. Kimball this

$2,500 out of money she received from insurance of her father's life, the estate would have money, and would repay it to her as soon as the executors could dispose of property held by them; and that it would be perfectly safe for plaintiff to loan to, and pay out that sum for, the estate. Relying upon these representations, plaintiff, on that day, loaned to and paid for the estate of her father, this $2,500 owing Mrs. Kimball. That in fact the estate was insolvent, and she charges that defendant knew it. He afterwards induced plaintiff to file her claim in the Probate Court, where it was allowed March 8, 1887, against the estate, and she was paid a dividend of $844.34 thereon.

On March 19, 1887, plaintiff made a contract with Mrs. Kimball and husband whereby it was agreed that Mrs. Kimball should commence an action in the District Court to cancel the contract, and if successful plaintiff should purchase the real estate for the balance and interest then unpaid on Lovejoy's contract. The action was brought, the contract canceled, and a new one made with plaintiff, whereby Mrs. Kimball and husband agreed to convey the real estate to plaintiff on being paid $7,633.37. This was the balance due at that time on Lovejoy's contract after deducting the $2,500 paid by plaintiff on May 20, 1886.

This action was brought by Mrs. Winston to recover of the executor Young, the $2,500 she paid to Mrs. Kimball. When the issues were first brought to trial in 1890, the court ordered judgment for defendant on the pleadings. The plaintiff appealed to this court where the judgment was reversed and a new trial ordered. *Winston* v. *Young,* 47 Minn. 80. The issues were again brought to trial May 9, 1892. The facts above stated appeared when the plaintiff rested. The defendant thereupon moved the court to dismiss the action on the merits, on the ground that the facts proven were not sufficient to sustain the plaintiff's claim. The court granted the motion. Plaintiff moved the court for a new trial, and being denied, appeals.

*George H. White* and *Alvord C. Egelston,* for appellant.

Had the estate been solvent as represented, the plaintiff would have received back the money paid by her for it. Whether it would

have been paid back to her because of the right of subrogation against the estate which she may have acquired by the payment, or because of any other state of fact or law, is entirely immaterial. The one point with which we are here concerned is, that she would have gotten her money back, had the estate been solvent. As soon as that is shown in whatever way, the defendant's representation of the solvency of the estate becomes material.

The debt of Lovejoy to Mrs. Kimball for $9,000 was a part of the liabilities of the estate, and the property bought was part of the assets. Had the estate been solvent as represented it would have paid all its liabilities, including the $6,500 remaining unpaid and would have repaid to the plaintiff the money paid out by her for it; and kept the property.

Again the plaintiff could have invoked the doctrine of subrogation to the rights of Mrs. Kimball against the estate to the amount of $2,500, and if the estate had been solvent and had had money, it would have been obliged to, and would have paid back to her the amount in full. *Williams* v. *Williams*, 2 Dev. Eq. 69; *Emmert* v. *Thompson*, 49 Minn. 386.

*Akers & Lancaster* and *Howell W. Young*, for respondent.

The general rule is that an executor or administrator cannot bind the estate he represents by any new contract he may make for it. If he borrows money for the purposes of the estate, and devotes it to the payment of debts due; if he contract for services valuable and important to it, he alone is liable therefor, and not the estate. *Ness* v. *Wood*, 42 Minn. 427; *Kingman* v. *Soule*, 132 Mass. 285; *Schmittler* v. *Simon*, 101 N. Y. 554; *Chouteau* v. *Suydam*, 21 N. Y. 179; *Austin* v. *Munro*, 47 N. Y. 360; *Roscoe* v. *McDonald*, 91 Mich. 270; *Fenin* v. *Myrick*, 41 N. Y. 315.

A misrepresentation of law does not constitute fraud, because the law is presumed to be equally within the knowledge of all parties. Kerr, Fraud and Mistake, 80; *Catlin* v. *Fletcher*, 9 Minn. 85, (Gil. 75;) *Dillman* v. *Nadlehoffer*, 119 Ill. 567. To justify the interposition of a court, the false statement must be made in respect to matter of fact and not of law. *Cummings* v. *Thompson*, 18 Minn. 246,

(Gil. 228;) *Starr* v. *Bennett*, 5 Hill, 303; *Fish* v. *Cleland*, 33 Ill. 238; *Reed* v. *Sidener*, 32 Ind. 373.

A party cannot sustain an action for false representation from which no harm has come to him. Deceit and injury must concur. *Doran* v. *Eaton*, 40 Minn. 35; *Alden* v. *Wright*, 47 Minn. 225; *Taylor* v. *Guest*, 58 N. Y. 262; *Byard* v. *Holmes*, 34 N. J. Law, 296.

If the claim was not one to be allowed in the Probate Court, and the estate was not liable, then it follows that the plaintiff was not damaged by any misrepresentation of solvency of the estate. If the claim was not provable against the estate at all, the question of solvency becomes immaterial. Had the estate been perfectly solvent, plaintiff's claim would have been none the more valuable.

GILFILLAN, C. J. A previous action between these parties, upon substantially the same cause of action, came here on appeal, and is decided in 47 Minn. 80, (49 N. W. Rep. 521.) On that appeal the only question presented and passed on was whether a representation by defendant, an executor of the will of Lovejoy, that the estate was solvent and would have money enough to repay what plaintiff should pay on its account, was, for the purpose of an action for deceit, a representation of fact, or only the expression of an opinion, and we held it the former. The question of the materiality of the representation of fact, although it might have been made in that case, was not made, and consequently was not passed upon.

The evidence in this case was to the effect that defendant said to plaintiff that he was executor of the estate, and knew it would have plenty of money to pay all the debts, and that it would be all right, and if she would pay the money he would repay it to her, and that, if she paid the money, as soon as there was any money in the estate, it would be sufficient to pay all the debts and hers. These conversations contain representations of fact, to wit, that the estate was able to pay all its debts. So far as they contained any assurance that if she paid the money it could be repaid to her as a debt or claim against the estate, it was a representation of law, upon which an action for deceit could not be predicated, for plaintiff is presumed to have known the law as well as defendant. That defendant was

executor of Lovejoy's will, and that it contained a bequest for plaintiff, did not place him in a fiduciary relation towards her in respect of the money she paid, which was hers independent of the will, nor in respect of the mortgage or real estate upon which she paid it, in which she had no direct interest.

Respondent contends, and the court below seems to have held, that the representation of solvency of the estate, and of its ability to pay all its debts, was an immaterial representation, for the reason that the payment of the money by her upon the mortgage which rested on real estate, a part of the estate, would give her no claim or debt that could be allowed and paid as such out of the assets of the estate applicable to the payment of debts against it, and therefore it could be of no consequence to her, in paying her money, that such assets were or were not sufficient to pay the debts, and she could not be legally prejudiced by the falsity of the representations; that her rights against the estate and her remedy, if any, would be the same, whether it were solvent or insolvent. And this is undoubtedly so. Deceit without damage will not sustain an action. Debts to be allowed and paid out of the estate of a deceased person must be such as were incurred, or such as arise on obligations entered into, by him. Any claim arising from payment of money, at the request of the executor, to relieve any part of the estate from an incumbrance upon it, is not such a debt. If there be any remedy against the estate to the party for the money so paid,—and we do not say whether there is or not,— it must be worked out through the executor as for an expense of administration. The representations proved do not relate in any way to the sufficiency of the estate to pay all expenses of administration, and there was no evidence that it was insufficient for that purpose.

That the plaintiff, upon paying part of the mortgage, was or was not entitled to be subrogated *pro tanto* to the security held by the mortgagee, is immaterial in this action, as it would not affect her right to proceed against the general estate, as a creditor, for the money she so paid.

Order affirmed.

(Opinion published 53 N. W. Rep. 1015.)