# LARS KNUTSEN and Others v. CARL W. A. KROOK.[1]

July 8, 1910.

Nos. 16,562, 16,563—(139, 140).

**Appeal from probate court — computation of time.**

The thirty days within which an appeal may be taken from an order, judgment, or decree of a probate court, under section 3874, R. L. 1905, commences to run from the time of notice of the order or judgment appealed from.

**Same — limitation.**

When no notice is given or shown to have come to a person entitled to appeal, an appeal may be taken at any time within six months from the entry of the order or decree.

**Same — burden of proving.**

The burden is upon the party moving to dismiss an appeal, which it is claimed should have been taken within thirty days, to show notice of some kind to the appealing party of the entry of the order or judgment by the probate court.

**Same.**

No such notice was shown in this case.

**Claim against decedent — definition.**

A "claim" against the estate of a deceased person, within the meaning of our statutes, is a demand of a pecuniary nature which could have been enforced against decedent in his lifetime.

**Same — applied to demand for residue.**

A demand for the whole or a part of the estate is not a "claim" against it, within the meaning of the statutes.

**Validity of demand — review.**

The validity of such demand, formally allowed by the probate court, though no appeal from the order allowing the same was taken, may be determined upon an appeal from the final decree of the probate court.

Appeal to the district court for Brown county by Lars Knutsen and five others from an order of the probate court of that county

[1] Reported in 127 N. W. 11.

allowing the final account of Carl W. A. Krook, as executor of the estate of Anna Brust, deceased, which account included claims allowed to Henry F. Bergmann and Mary Hoerr for $1,295, the residue of the estate after complying with the provisions of the will, and an appeal by the same persons from the final decree of the probate court assigning the residue of the estate to said claimants. The appeals were tried together before Olsen, J., who found for the appellants below, Lars Knutsen, Trond Knutsen, Ingebor Knutsen, Kari Knutsen, Christine Knutsen and Margreth Knutsen, the heirs of the deceased Anna Brust. From judgments directing the probate court to amend the final account of the executor so as to disallow the items claimed by said Bergmann and Hoerr and to amend its final decree in said estate so as to distribute said residue to the heirs at law of the decedent, the executor appealed. Affirmed.

*Albert Pfaender,* for appellant.

*Otto Kueffner* and *Albert Steinhauser,* for respondents.


BROWN, J.

Henry C. Bergmann, then a resident of New Ulm, Brown county, died in 1881, leaving him surviving a widow and two children by a former marriage. The children, Henry F. Bergmann and Mary Bergmann, now Mrs. Hoerr, for purposes of clearness will be referred to hereafter as claimants. By his last will and testament Bergmann left all and singular his property to his widow for and during her life, with the remainder over to these children after her death. The will was duly probated and a final decree entered in December, 1881, assigning the property to the widow absolutely, and not for life, as provided for in the will, and the decree so remained of record and in full force until the death of the widow in 1908, when an attempt was made to modify it to conform to the will. This feature of the case will be referred to later in its proper connection.

Subsequent to Bergmann's death his widow married one Jacob Brust, with whom she continued to reside until her death. An antenuptial agreement at the time of the marriage referred to disposed of the property rights of the parties, and the surviving husband, Brust, has no interest in the property left by his wife. By her will

111 M.—23.

she disposed of the greater part of the property received from and accumulated since the death of her first husband by specific bequests to her brothers and sisters, and also to claimants and the minor children of one of them. The bequests were in the form of money payments, except two parcels of real property, but did not aggregate the total value of the estate. The will contained no residuary clause, and what remained after the payment of the bequests became a part of her general estate, to be distributed to her heirs precisely as though she had died intestate. Mrs. Brust's will was duly probated and allowed by the probate court on April 28, 1908.

Pending the administration of the estate, and before the expiration of the time allowed for the presentation of claims, claimants made and filed with the probate court what purported to be a claim, asserting a right therein to the residue of Mrs. Brust's estate. These claims, in the form of an extended statement of facts, recite the execution of the Bergmann will; that by the terms thereof the property was left to Mrs. Brust, then Mrs. Bergmann, for her use during life, with the remainder to claimants at her death; that there was an error in the final decree of the probate court in the administration of that estate, the decree erroneously vesting in the widow the absolute property, instead of a life estate, as granted by the will; that subsequent to the death of Mrs. Brust the former decree was modified by the probate court, and effect given to the will. By reason of all of this claimants asserted a right to all the property left by Mrs. Brust. They expressed, however, a willingness to permit the will to be carried out as to the specific bequests therein made, but claimed the residue of the estate. Upon the filing of the statements the probate court indorsed thereon: "The within claim is allowed November 2, 1908."

There remained, after payment of bequests and expenses of administration, the sum of $1,295, and this amount was paid to claimants by the executor of Mrs. Brust's estate, pursuant to this order of the court. Thereafter in due course of procedure the executor presented his final account to the probate court, showing, among other things, the payment of the residue to the claimants, which final account, after due notice and hearing, the probate court approved and allowed.

This order, and also the final decree in the matter, were entered of record on December 28, 1908.

On January 26, 1909, the heirs of Mrs. Brust, brothers and sisters, appealed to the district court, both from the order allowing the final account and also from the final decree. The notice of appeal was served on that day, but not filed until January 28, 1909. The appeals came on and were heard before the district court, and resulted in a modification of the final decree, the district court holding that claimants had no lawful right to the residue of the estate, and the same was adjudged to belong to the heirs of Mrs. Brust. Judgment of the district court was entered accordingly, and claimants appealed. The assignments of error present three principal questions, which will be considered in their order.

1. When the appeals came on for trial in the district court, counsel for claimants moved to dismiss the same on the ground that they were not perfected in time. The court overruled the motion, and this presents the subject-matter of the first question. As heretofore stated, the order of the probate court allowing the executor's final account and the final decree were each entered on the twenty-eighth of December, 1908. The notices of appeal therefrom were properly served within thirty days thereafter, but were not filed with the court until the second day following, or one day beyond the thirty-day period. It is the contention of claimants that the appeals were ineffectual to give jurisdiction to the district court, for the reason that the notices thereof with proof of service were not filed within the time prescribed by law.

Counsel is in error. Section 3874, R. L. 1905, provides, in substance, that no appeal from the probate court shall be effectual for any purpose, until the following requisites are complied with by the appellant within thirty days after notice of the order, judgment, or decree appealed from, namely: (1) The service of a notice of appeal upon the adverse party; and (2) filing the same with the court, together with proof of service thereof. It will be noted that the statutes require the service and filing of notice of appeal within thirty days after *notice* of the order or judgment appealed from. The record in the case at bar is silent with respect to whether formal

notice was ever given of the order or decree here appealed from, or that the appellants had other notice thereof until about the time they perfected their appeal. In this condition of the record, the trial court properly held that it did not appear that the appeals were not perfected in time. In order to justify a dismissal on the ground that an appeal was not taken within the time allowed therefor, it should affirmatively be shown to have been taken after the time limited by law, and the burden of showing the fact is upon the party moving to dismiss.

Nor can it be said, on the theory that all interested in an estate are bound to take notice of every order made by the court, that the thirty-day period runs from the date of the order or decree. The statutes contemplate, in order to set the time for appeal in motion, that notice of some kind, other than constructive, shall come to or be given all interested parties, and this is made manifest by the clause, a part of the statute referred to, wherein it is provided, in effect, that in no case can an appeal from an order, judgment, or decree be taken after six months from the entry thereof. The statute, construed as a whole, permits an appeal within thirty days from the date of notice, but limits the right in all cases to six months from the entry of the order or decree appealed from. So that the time within which an appeal may be taken may be shortened by the service of notice, or perhaps by notice in fact, but in no event, whether notice is given or not, can the time extend beyond the period of six months.

It is also contended that one of the appellants was dead at the time the appeals were perfected, and they are therefore a nullity. There is some evidence in the record tending to sustain this point; but it is not fatal. There are several appellants, and if it be conceded that one of them was dead at the time the appeals were taken, and they were therefore a nullity as to him, it does not necessarily follow that they were ineffectual for all purposes. Appellants were all jointly interested in the controversy, and the appeal, being valid as to one, was valid as to all. 2 Cyc. 759.

2. The principal question presented is whether the order of the probate court allowing the so-called claims of claimants was an adjudication of their rights, and, not having been appealed from, final

and conclusive upon all parties. It is the contention of appellant, the executor, that the statements filed by claimants were "claims" within the meaning of our statutes, and the order of the probate court allowing the same was final, citing State v. Probate Court, 25 Minn. 22, 27, and O'Brien v. Larsen, 71 Minn. 371, 74 N. W. 148. We have given this branch of the case close attention, and are unable to concur in this view.

The whole question is solved by the determination of the further question as to what constitutes a "claim," within the meaning of our statutes for the administration and distribution of the estates of deceased persons. Section 3730, R. L. 1905, provides that all claims against an estate arising upon contract, whether due, not due, or contingent, must be presented to the probate court for allowance within the time limited therefor by order of the court. Section 3734 provides that an order allowing the same shall have the force and effect of a judgment against the estate. Section 3872 provides for an appeal from such an order by any person interested in the estate on which the merits of any claim may be adjudicated in the district court. If the statements filed by claimants were "claims," within these provisions of the statutes, then the order allowing the same, not having been appealed from, was conclusive upon all parties, and entitled the executor to the relief demanded, viz., credit in his final account for the amount so allowed and by him paid to the claimants.

The word "claim," as generally employed, has a broad and comprehensive meaning, embracing every species of legal demand. 7 Cyc. 180. But, as employed in a particular statute, its meaning is often restricted and limited, and in statutes providing for the administration of the estates of deceased persons, requiring a presentation of claims against the estate, is by the authorities generally construed as referring to demands of a pecuniary nature and which could have been enforced against the deceased in his lifetime. Fallon v. Butler, 21 Cal. 24, 81 Am. Dec. 140; Gray v. Palmer, 9 Cal. 616; Dodson v. Nevitt, 5 Mont. 518, 6 Pac. 358; McDowell v. Brantley, 80 Ala. 173; Weill v. Clark, 9 Ore. 387; Gaffney's Estate, 146 Pa. St. 49, 23 Atl. 163; Rice v. Connelly, 71 N. H. 382, 52 Atl. 446; Sawyer v. Hebard, 58 Vt. 375, 3 Atl. 529; 18 Cyc. 454. The stat-

utes of this state have been so construed.  In Winston v. Young, 52 Minn. 1, 53 N. W. 1015, Chief Justice Gilfillan said: "Debts to be allowed and paid out of the estate of a deceased person must be such as were incurred or such as arise on obligations entered into by him." The statute has no application to claims arising in tort, to those arising out of the administration of the estate, nor to claims for legacies or·distributive shares of an estate.  Dampier v. St. Paul Trust Co., 46 Minn. 526, 49 N. W. 286; Cook v. Cook, 92 Ind. 398.

In the case at bar, claimants had no claim, within the contemplation of the statute, against the estate of Mrs. Brust.  They presented no obligation against her, nor a demand which could have been enforced in her lifetime.  By the terms of the Bergmann will she was given a life estate in the property, and until she died the remainderman could assert no right to any part of it as against her. The claims presented, if they amounted to anything, extended to the entire estate left by Mrs. Brust, and were not demands against it. And this situation is in no way changed by the fact that claimants waived their right to a part of the estate and laid claim only to the residue.  Not being claims, therefore, within the meaning of the statute, the allowance by the probate court was not an adjudication of the rights of interested parties, and no appeal therefrom was necessary.

3. We come, then, to the question whether the probate court properly assigned the residue of the estate to the heirs of Mrs. Brust. This does not require extended discussion.  Claimants' right to the estate was founded upon the Bergmann will, which, as heretofore stated, gave all the property to his widow for life, with the remainder over to them.  But in the administration of that estate effect was not given the provisions of the will.  On the contrary, the absolute title to all the property of the estate was assigned by the final decree of the probate court to the widow.  This decree remained of record and in full force for over twenty-five years, and was probably free from attack, direct or otherwise, at the time the probate court in 1908 attempted to modify it.  But, whether open to attack or not, there is nothing before the court showing that the alleged modification

by the probate court was ever made. The statements of claim filed by claimants set forth its modification upon "due notice;" but this was not evidence of the fact. It amounted to no more than an allegation of the fact. We discover no evidence upon the subject in the record before us. Claimants, therefore, established no claim to the property under the alleged modified probate decree, or otherwise, and the district court was entirely right in charging the executor with the amount thereof in his final account.

If for any reason the executor has incurred costs and expenses since the final decree, proper to be allowed against the estate, he may, when the matter has been returned to the probate court, apply to the court for relief.

This covers all questions requiring special mention.

Judgment affirmed.