## A. L. GOETZMANN COMPANY v. ELIZABETH GAZETT AND ANOTHER.[1]

July 1, 1927.

No. 26,065.

**Probate court has not jurisdiction over claim which creditor of decedent has against his personal representatives.**

1. Neither the probate court nor the district court on appeal has jurisdiction over a claim which a creditor of a decedent has against the decedent's personal representatives, or one which the representatives have against the creditor, even though the subject matter of the claim sprang from transactions between the creditor and the personal representatives while they were carrying on the business of the decedent.

**Personal representatives are officers of the court and have no principal whom they can bind.**

2. The estate of a deceased person is not an entity. The personal representatives are officers of the court, not agents of the estate, and have no principal whom they can bind. They cannot set off claims in their favor against a claim which a creditor of the decedent has filed in the probate court.

Executors and Administrators, 23 C. J. p. 1170 n. 12; p. 1171 n. 21 New; 24 C. J. p. 379 n. 44 New; p. 397 n. 65 New; p. 398 n. 72 New; p. 762 n. 18.

Plaintiff appealed from a judgment of the district court for Benton county, Nye, J. Reversed with directions.

*Cobb, Wheelwright, Hoke & Benson* and *Tracy J. Peycke,* for appellant.

There was no appearance made or brief filed on behalf of respondents.

[1]Reported in 214 N. W. 895.

LEES, C.

Plaintiff filed a claim against the estate of John Gazett in the probate court of Benton county. The claim was disallowed in part and an appeal taken to the district court, where the major portion of the claim was again disallowed. This is an appeal from the judgment of the district court.

Gazett operated a grain elevator at Rice, Minnesota, and dealt with plaintiff in the years 1923 and 1924. Plaintiff does business as a grain commission merchant at Minneapolis, and extended a line of credit to Gazett, from whom it received shipments of grain to be sold on commission. As a rule Gazett drew drafts against the grain and they were paid on presentation. At times, at Gazett's direction and as his agent, plaintiff bought or sold grain for him for future delivery. Gazett died October 20, 1924. At the time of his death he owed $17,845.95 to plaintiff on account of their previous transactions. After October 20 plaintiff received several cars of grain which Gazett had shipped before he died and against which he had drawn drafts. The net proceeds of the sale of the grain amounted to $11,620.64. Plaintiff credited this amount to Gazett's account and filed a claim against his estate for the balance of $6,225.31. To defeat the claim, the administrators of the estate showed that they continued to carry on the elevator business after Gazett's death and shipped to plaintiff 27 cars of grain, drawing drafts against each shipment, with one exception. The drafts, amounting to $46,250, were paid. The total net proceeds of the shipments amounted to $49,678.54, leaving a balance of $3,428.54 due from plaintiff to the administrators. This amount is claimed as a set-off against the claim which plaintiff filed against the estate.

The administrators were allowed to prove that on August 28, 1924, plaintiff bought for Gazett 4,000 bushels of December rye and sold it on November 12, at the direction of the administrators, at a profit of $1,784.49; that on October 10, 1924, plaintiff bought for Gazett 4,000 bushels of May rye and sold it on November 12 at a profit of $158. These two items, aggregating $1,942.49, were also claimed as set-offs.

Over plaintiff's objection, Fred Cairns, an employe at the elevator who is now one of the administrators, was allowed to testify that a few days after Gazett's death he informed one of plaintiff's representatives that the elevator business would be carried on as it had been before. Evidence was received showing that up to November 12, 1924, plaintiff kept a ledger account headed "John Gazett" in which were entered credits and debits arising out of cash sales and purchases and sales for future delivery; that then a separate account of deals in futures was opened and likewise headed "John Gazett;" that the first entries in the account are the credit items of November 12 totaling $2,138.58; that on November 13 there was an entry of $1,938.58 on the debit side of the account, that amount being transferred to the cash grain account, which continued to be headed "John Gazett" until March 20, 1925, when it was headed "John Gazett Estate." After their appointment the administrators had the plaintiff buy and sell grain for future delivery, and these transactions resulted in large losses. If they are to be taken into account, the net result is that the amount due plaintiff is much greater than the amount of the claim it filed.

[1] Citing Turner v. Fryberger, 99 Minn. 236, 108 N. W. 1118, 109 N. W. 229, and Hause v. O'Leary, 136 Minn. 126, 161 N. W. 392, plaintiff contends that the credits arising from transactions between plaintiff and Gazett's administrators cannot be set off against the claim filed in the probate court. In the Hause case the court said:

"Upon appeal the appellate [district] court, unless it affirms the judgment of the probate court, is required to render such judgment as the probate court ought to have rendered, * * * and its jurisdiction is necessarily limited to those matters of which the probate court had jurisdiction." See also Benz v. Rogers, 141 Minn. 93, 95, 169 N. W. 477.

[2] The probate court had no jurisdiction over claims which might be asserted against plaintiff by Gazett's administrators. State ex rel. Lindekugel v. Probate Court, 33 Minn. 94, 22 N. W. 10; Wilson v. Erickson, 147 Minn. 260, 180 N. W. 93. Neither had it any jurisdiction over claims which plaintiff had against the ad-

ministrators. In law the estate of a deceased person is not regarded as an entity. The administrator has no principal whom he can bind by attempting to act as agent. Administrators are officers of the court, not agents of the estate. These general statements are subject to the qualification that the heirs are bound by acts of an administrator within the scope of his statutory powers. Lamoreaux v. Higgins, 171 Minn. 423, 214 N. W. 267. Unless changed by statute, these rules are generally observed by the courts of this country. See Germania Bank v. Michaud, 62 Minn. 459, 65 N. W. 70, 30 L. R. A. 286, 54 A. S. R. 653; Dun. Pr. L. § 733.

Controversies between plaintiff and the administrators, arising from transactions between them which originated after Gazett's death, could not be determined by the probate court, were beyond its jurisdiction and would have to be litigated in an action commenced in the district court. If profits were realized as a result of such transactions, the administrators could be required to account for them when they rendered their accounts to the probate court. If losses resulted, they might claim reimbursement from the estate, and it would be within the jurisdiction of the probate court to determine whether they should be reimbursed. We understand it to be the rule that only in that way can the probate court hear or consider matters growing out of such transactions. When a man dies, his personal representatives take charge of his property and business affairs as of the date of his death. If they continue to carry on his business, they do so on their own responsibility. Contracts they may make are their contracts. Liabilities incurred are their liabilities, and neither the probate court nor the district court on appeal from that court has any authority to hold third parties accountable to them, because all such matters lie wholly within the original jurisdiction of the district court. See Winston v. Young, 52 Minn. 1, 53 N. W. 1015; Knutsen v. Krook, 111 Minn. 352, 127 N. W. 11, 20 Ann. Cas. 852.

The application of these rules compels the conclusion that the court below erred in allowing the set-offs claimed by the administrators. The grain they shipped to plaintiff was no part of Gazett's estate. If plaintiff failed to pay for it, the administrators would

have had to resort to an action in the district court to enforce their claim.

As to the transactions of November 12, 1924, when the administrators closed out the trades plaintiff had made for Gazett in December and May rye, the situation is slightly different. These transactions were initiated by Gazett. Plaintiff had purchased the rye for him as his agent. His death terminated the agency. The administrators directed plaintiff to sell the rye. When plaintiff did so, it acted as their agent and not otherwise. The money received was payable to the administrators. In the adjustment of plaintiff's claim against the estate, the probate court could not set off a demand for money which plaintiff held as the agent of the administrators.

The judgment of the district court is reversed and the cause remanded with directions to amend the conclusions of law so as to provide for the entry of judgment in plaintiff's favor for the full amount of its claim with interest.