PITTSBURGH COAL COMPANY OF WISCONSIN v. ROSE VALLELY WILL.[1]

January 31, 1941.

No. 32,671.

[1]Reported in 296 N. W. 178.

*Fletcher, Dorsey, Barker, Colman & Barber,* for appellant.
*Donald F. Pratt,* for respondent.

JULIUS J. OLSON, JUSTICE.

Action upon an account to recover a balance for coal sold to Gustave A. Will. His answer was a general denial. Before trial Mr. Will died, and his wife as representative of his estate was substituted as defendant. By amended answer, she "admits that the plaintiff sold and delivered the goods * * * described in plaintiff's complaint herein to said G. A. Will" and that they "were of the value" therein "specified." But, in avoidance, she "alleges in connection therewith that said goods * * * were sold to said G. A. Will, as executor of the estate" of one Bachmann, deceased; that "Will was the duly appointed, qualified and acting executor" of that estate, and that the goods so sold were used exclusively "for the benefit of certain real property owned by the estate of said" decedent. Plaintiff's reply "admits that said goods * * * were sold and delivered to and used by said G. A. Will as specified" in the amended answer. Thus the question became one of law only. Plaintiff's motion for judgment on the pleadings was denied, that of defendant granted. From the judgment entered, plaintiff appeals.

The obligation to pay is obviously not one made or created by Bachmann. Rather and only, it is one arising from the implied promise by Mr. Will to pay for goods sold at his request. It cannot be imposed as a debt against the estate of Bachmann since "debts to be allowed and paid out of the estate of a deceased person must be such as were incurred, or such as arise on obligations entered into, by him." And any claim, such as this, subsequently arising, "at the request of the executor, * * * must be worked out through the executor as for an expense of administration."

Winston v. Young, 52 Minn. 1, 5, 53 N. W. 1015. So the "general rule," here and elsewhere, applies that "an executor or administrator cannot bind the estate he represents by any *new* contract he may make for it." Ness v. Wood, 42 Minn. 427, 429, 44 N. W. 313, 314. The following cases, among many, illustrate the rule under various situations: Germania Bank v. Michaud, 62 Minn. 459, 65 N. W. 70, 30 L. R. A. 286, 54 A. S. R. 653; Glencoe Ditching Co. v. Martin, 148 Minn. 176, 181 N. W. 108; A. L. Goetzmann Co. v. Gazett, 172 Minn. 68, 71, 214 N. W. 895. See also State ex rel. Nelson v. Probate Court, 199 Minn. 297, 271 N. W. 879; State ex rel. Larson v. Probate Court, 204 Minn. 5, 283 N. W. 545; 21 Am. Jur., Executors and Administrators, § 228.

■ With this rule defendant "has no quarrel." But, she insists, there are exceptions to it, and this is one of them. She directs our attention to the fact that it is the executor's duty to maintain the property of the estate. That, of course, is so. 3 Mason Minn. St. 1940 Supp. § 8992-118. As such, it seems entirely proper for the probate court to credit him with this item, if found to be "just and reasonable," when the final account is made of his administration. This section specifically authorizes that court to allow him "his necessary expenses * * * in the execution of his trust," including such "compensation for his services and those of his attorneys as the court shall deem just and proper."

■ Defendant also thinks the court was justified in making this order because in the statement of account (exhibit A) the person charged is "G. A. Will, Trustee," and that this together with the fact that the items charged show coal delivered to "Bachman Prop." is proof that plaintiff agreed to look to that estate as *the sole source of liability. In this, we think, she is in error, since—*

"When a man dies, his personal representatives take charge of his property and business affairs as of the date of his death. If they continue to carry on his business, they do so on their own responsibility. Contracts they make are their contracts. Liabilities incurred are their liabilities." A. L. Goetzmann Co. v. Gazett, *172 Minn. 68, 71, 214 N. W. 895, 896.*

And the same thought is stated in Dwane v. Miller, 89 Misc. 297, ·304, 152 N. Y. S. 1060, 1065 (a case cited and relied upon by defendant) :

"The individual liability exists against an executor or administrator in his individual capacity under his contract with a creditor, unless, in plain language, in such contract, it is expressed that the creditor agrees to seek his remedy to recover the indebtedness due him from the estate and not against the parties in their representative capacity."

The facts are not disputed. As such there should be direction for entry of final judgment. Clearly, we think, the court erred in refusing to grant plaintiff's motion and in granting that of defendant.

Judgment reversed with direction to grant plaintiff's motion.

