IN RE ESTATE OF A. F. MOEBIUS, ETC.
JESSE A. SCHUNK v. ROBERT HOTCHKISS AND OTHERS.[1]

May 11, 1950.

No. 35,147.

---

[1]Reported in 43 N. W. (2d) 104.

*Johanson, Winter & Lundquist,* for appellant.
*Field, Field & Arvesen,* for respondents.

PETERSON, JUSTICE.

Appeal from a judgment of the district court affirming an order of the probate court ordering the representative of decedent's estate to pay as contribution to his judgment codebtors one-half the difference of the amount paid by the latter in excess of that paid by the representative in satisfaction of a judgment recovered against them in a personal injury action, and interest thereon.

The questions for decision are:

(1) Whether the reinsurer of the insurer of a party claiming contribution from his judgment codebtor is the proper party to bring the proceeding for the recovery thereof;

(2) Whether a judgment for plaintiff against defendants for recovery upon liability for negligence determines the liability for contribution, if any, of the defendants among themselves;

(3) Whether a judgment for damages for personal injuries caused by negligence recovered in the district court by plaintiff against several defendants in an action wherein the representative of a de-

ceased defendant was substituted as a party and which then proceeded to judgment is a judgment in favor of a codefendant against the representative to be paid in the course of administration within the meaning of the provisions of M. S. A. 525.43, to the effect that an action to recover upon a cause of action surviving the death of a party may proceed to judgment upon substitution of such party's representative as a party and that any judgment recovered against the personal representative may be certified to the probate court to be paid as a claim in due course of administration; and

(4) Whether a statute (M. S. A. 548.19) providing that a judgment debtor paying more than his proper share of the judgment shall be entitled to recover contribution from his judgment codebtors and that upon filing within ten days after payment a notice of claim of contribution the judgment shall be continued in force in his favor for the purpose of compelling payment of contribution from his judgment codebtors, with right (as judicially construed) to proceed by execution to enforce his claim therefor authorizes the probate court to enforce payment of contribution by the representative to his judgment codebtors upon the mere filing of a judgment without any proceedings to determine as between the representative and his judgment codebtors whether there is any liability for contribution.

The personal injury action was brought by Carnie M. Johnson, as plaintiff, against Arthur Moebius, Arthur Falls, John Wiese, Robert Hotchkiss, and Eldon Leeman, as defendants, to recover for personal injuries sustained by Johnson while a passenger in an automobile owned by Hotchkiss and driven by Leeman. Plaintiff (Johnson) alleged that Moebius by his employes, Falls and Wiese, negligently parked his automobile on a street in Fergus Falls; that while Hotchkiss was riding in his own car Leeman so negligently operated it as to cause it to collide with the parked Moebius car; and that as a consequence of the concurrent negligence of all the defendants plaintiff sustained the injuries complained of. During the pendency of the action Moebius died, and Jesse A. Schunk, his administrator, was substituted as a party defendant. Plaintiff recovered a verdict, upon which judgment for $25,642.55 was entered against Schunk

as Moebius's personal representative and all the other defendants. When the judgment was paid there was due thereon with interest $26,155.40. Moebius's insurer paid to plaintiff $10,564.26, and Hotchkiss's insurer paid on behalf of Hotchkiss and Leeman $15,591.14.

Pursuant to § 548.19, Hotchkiss and Leeman, within ten days after the latter payment, filed notice of claim for contribution for the amount paid in excess of what they claimed to be their proper share, of which notice the clerk made due note on the margin of the docket. Thereafter, a copy of the judgment in the personal injury action was certified to the probate court. Hotchkiss, his insurer, and Leeman then filed a petition in the probate court for an order directing the personal representative to pay to the petitioners as contribution one-half the amount paid by them in excess of that paid by Moebius's insurer in satisfaction of the judgment. Moebius's personal representative objected to the making of such an order. The probate court issued an order in accordance with the petition therefor, which the district court on appeal by judgment affirmed.

Hotchkiss's insurer had reinsured the risk with Employers Mutual Re-Insurance Corporation of Kansas City, which was not joined as a party to the proceedings. The point was raised below that by reason of the failure to join the reinsurance company as a party the real party in interest was not before the court.

In the district court, where the trial was *de novo*, Moebius's personal representative alleged that the negligence of both Hotchkiss and Leeman, upon which recovery in the personal injury action was predicated, consisted of conscious and intentional illegal acts; that Moebius, Falls, and Wiese were not guilty of such acts, but rather only of ordinary negligence; and that consequently Hotchkiss, his insurer, and Leeman were not entitled to contribution at all. The court excluded all inquiry into the question whether such facts constituted a defense, in whole or in part, to the claim for contribution.

On appeal, Hotchkiss, his insurer, and Leeman contend (1) that reinsurance was in fact indemnity to the insurer and that consequently the reinsurer had no interest in the contribution sought to be recovered; (2) that under § 548.19 the judgment in the personal

injury action was enforceable by them against Moebius's personal representative as their judgment codebtor for the purpose of compelling contribution without further proceedings to determine their liability as among themselves; (3) that under § 525.43 the judgment was enforceable against the representative substituted as a party in the personal injury action by the mere filing of a certified copy thereof in the probate court in the same manner as other claims against the estate; and (4) that, while the probate court had jurisdiction to allow the claim for contribution based upon the judgment, it had none otherwise to determine the liabilities of the judgment codebtors as among themselves. The personal representative contends (1) that the real party in interest—the reinsurance company —was not before the court and consequently the proceedings were not brought by the real party in interest; (2) that the judgment in the personal action was not one in favor of his codefendants against himself, but rather one in favor of plaintiff (Johnson) against all the defendants, and that, because that is true, the judgment was not one to be paid under § 525.43 upon certification to the probate court; (3) that, while the judgment in the personal injury action established a common liability to plaintiff on the part of all the defendants, it constituted no adjudication of the right of any of them to contribution from the others; and (4) that the probate court not only had no jurisdiction to adjudicate the right to contribution, but also that such right either was one for adjudication by the district court as the court having general jurisdiction, or was one which might be asserted in the probate court as an equitable setoff or defense to the claim for contribution based upon the judgment.

The scope of decision here is limited by the nature of the questions presented. No question has been raised as to whether a judgment debtor has a right to file in the probate court against his judgment codebtor's estate a claim for contribution upon a tort liability for negligence which accrued during the latter's lifetime. See, § 525.411; Pittsburgh Coal Co. v. Will, 209 Minn. 340, 296 N. W. 178; Knutsen v. Krook, 111 Minn. 352, 127 N. W. 11, 20 Ann. Cas. 852.

Rather, the questions here are whether a judgment recovered by plaintiff against a decedent's personal representative and his codefendants upon a liability for negligence determines the liability for contribution, if any, of the defendants *inter se,* and whether, under statutes governing the enforcement of contribution among judgment codebtors in such cases and of judgments against the estates of decedents (§§ 548.19, 525.43, 550.06), such a judgment, when certified by the district court to the probate court, *ipso facto* establishes in favor of one of the judgment debtors asserting a claim for contribution against his judgment codebtors his right thereto.

■ *Reinsurance is a contract of indemnity whereby the reinsurer agrees to pay to the insurer losses sustained by it under its contracts of insurance and is solely for the benefit of the insurer.* There is no privity of contract between the insured and the insurer's reinsurer. Barnes v. Hekla F. Ins. Co. 56 Minn. 38, 57 N. W. 314, 45 A. S. R. 438; 29 Am. Jur., Insurance, § 1369. That being true, the reinsurer had no interest in this litigation and consequently was not the real party in interest.

■ The judgment recovered in the personal injury action by the plaintiff against the personal representative and his codefendants did not determine that any of the defendants was liable to any of his codefendants for contribution. The judgment merely determined that all the defendants were under a common liability to the plaintiff. American Motorists Ins. Co. v. Vigen, 213 Minn. 120, 5 N. W. (2d) 397, 142 A. L. R. 722; Kemerer v. State Farm Mut. Auto Ins. Co. 211 Minn. 249, 300 N. W. 793; *Id.* 201 Minn. 239, 276 N. W. 228, 114 A. L. R. 173. For example, in the first Kemerer case we held that such a judgment (201 Minn. 244, 276 N. W. 231)—

"settled nothing as to them [defendants in the original action] except that they are all liable to a common creditor in the sum fixed by the judgment."

As said in the Vigen case (213 Minn. 123, 5 N. W. [2d] 399, *supra*):

"This court has held that a judgment against both defendants in the original action is not *res judicata* as between them in a subse-

quent action for contribution. Kemerer v. State Farm Mut. Auto Ins. Co. 201 Minn. 239, 276 N. W. 228, 114 A. L. R. 173," *supra.*

As a matter of both law and fact, a right to contribution does not arise from the common obligation such as a judgment, but rather from its payment or performance, and then only as a means of effecting equality of payment or performance of the obligation. Merrimac Min. Co. v. Gross, 216 Minn. 244, 12 N. W. (2d) 506; Hoverson v. Hoverson, 216 Minn. 228, 12 N. W. (2d) 501; 2 Dunnell, Dig. & Supp. § 1921. So here, the right to contribution among the defendants was not only left undetermined by the judgment in the personal injury action, but did not accrue, if at all, until *afterward,* when the judgment was paid.

■ Section 526.43 does not authorize a judgment in favor of a third-party plaintiff against decedent's representative as a substituted party and other defendants to be certified to the probate court to be paid as a claim in favor of his codefendants against the estate. So far as here material, § 525.43 in effect provides that an action to recover upon a cause of action which survives the death of a party may be prosecuted to final judgment notwithstanding the death of a party; that where in such a case a party dies pending the action his representatives may be substituted as a party; and that, "If judgment be rendered against the representative, it may be certified to the probate court and shall be then paid in the same manner as other claims against the estate." Here, the cause of action asserted by plaintiff (Johnson) in the personal injury action survived the death of defendant Moebius, and the judgment recovered therein against his personal representative was one which could be certified to the probate court and there paid as other claims against the estate. In re Estate of Koffel, 175 Minn. 524, 528, 222 N. W. 68, 70; 3 Dunnell, Dig. § 3672f. But the instant action is not such a case. Plaintiff did not cause the judgment to be certified to the probate court to be paid to him as a claim. On the contrary, the representative's codefendants Hotchkiss and Leeman and Hotchkiss's insurer caused the judgment to be so certified, not as a claim

payable to plaintiff, but as one in their favor against the personal representative. Aside from the fact that, as has been pointed out, the judgment determined nothing as among defendants, except that they were under a common liability to plaintiff, the certification of it to the probate court for the purposes mentioned was unauthorized. Plainly, the judgment was not one to be paid in the course of administration of decedent's estate as an adjudication of liability of the personal representative to his codefendants and Hotchkiss's insurer.

While § 548.19 provides in effect that, as to a defendant paying more than his proper share of the judgment, as between him and his judgment codebtors the judgment shall continue in force for the purpose of compelling contribution, and that, upon the filing with the clerk of notice of the amount so paid and of claim for contribution, the judgment shall remain in effect *in favor* of the party filing such notice and *against* the party specified in such notice, it does not by its terms or by implication authorize the probate court upon the mere filing of the judgment to enforce payment of contribution, if any, due from a deceased judgment debtor to his judgment codebtor because of the latter's payment of more than his proper share thereof. That is what those claiming contribution here assert is authorized by the statute. Their argument is that under the doctrine of Ankeny v. Moffett, 37 Minn. 109, 33 N. W. 320, a judgment debtor entitled to contribution becomes, upon payment and filing of the notice, subrogated by operation of the statute to the rights of the judgment creditor for the purpose of compelling contribution; that thereby he becomes entitled to proceed summarily by execution to enforce his right to contribution; that where the judgment debtor asserting a right to contribution is not entitled thereto the exclusive remedy of the one against whom such right is asserted is by injunction to restrain the proceedings under the execution; and that a judgment debtor against whom another judgment debtor is proceeding by execution to enforce contribution who fails to enjoin the proceedings thereunder is precluded afterward from raising any question as to his codebtor's right to contribution. They assert

that here the enforcement of payment of contribution by order of the probate court is equivalent to enforcement thereof by execution under the judgment, and that, because the personal representative did not have the proceedings for the allowance of the claim enjoined, he is precluded from contesting their right to contribution for the same reasons that a judgment codebtor would be under the doctrine of the Ankeny case. We think that these contentions are untenable for the reasons to be presently stated.

The right of a judgment debtor to proceed by execution to enforce his right against his judgment codebtor to contribution is, as we held in the Ankeny case, *supra,* but a cumulative remedy. Other remedies, such as an action to recover contribution, remain. Kemerer v. State Farm Mut. Auto Ins. Co. 201 Minn. 239, 276 N. W. 228, 114 A. L. R. 173, *supra.* And, as we further pointed out in the Kemerer case (201 Minn. 244, 276 N. W. 231), *supra,* "the statute [§ 548.19] made no change in the substantive law of contribution as between joint judgment debtors."

Under §§ 550.06 and 548.19, a judgment which was not a lien upon decedent's property at the time of his death is not enforceable by execution, but is to be paid as a claim in the course of administration. Byrnes v. Sexton, 62 Minn. 135, 64 N. W. 155; 3 Dunnell, Dig. § 3593n. Here, because of Moebieus's death *before* the judgment was recovered, the judgment could not have become a lien upon his property at the time of his death, and consequently there was no right at all to proceed by execution to enforce any alleged right to contribution. In such a case, the administration proceedings preclude any resort to execution. That being true, the parties claiming contribution were left to their remedy of an action to recover it. A judgment recovered against a personal representative upon a liability created by the decedent is payable under § 525.43 if certified to the probate court before final distribution, in due course of administration. In re Estate of Koffel, 175 Minn. 524, 222 N. W. 68, *supra;* Connecticut Mut. L. Ins. Co. v. Schurmeier, 117 Minn. 473, 136 N. W. 1, Ann. Cas. 1913D, 462; Oswald v. Pillsbury, 61 Minn. 520, 63 N. W. 1072; Comstock v. Matthews, 55 Minn.

111, 56 N. W. 583. Since there is no summary right here to proceed by execution to enforce the right to contribution, there is no other equivalent right. The parties claiming the right of contribution must therefore establish and assert their right thereto in an action or other appropriate proceeding brought for the purpose. They cannot do so by merely certifying to the probate court the judgment in the personal injury action.

The cumulative summary remedy by execution to enforce payment of contribution is not one to be exercised without restraint and without regard to the rights of the parties by the judgment codebtor seeking contribution, but on the contrary is one under the control of the district court, as all its process is; and, because that is true, the judgment codebtor against whom the execution is so issued is entitled, as we held in the Ankeny and the Kemerer cases, not only to challenge by injunction his adversary's right to contribution and the amount thereof, but also to have a judicial determination of his liability therefor with full trial and all that is implicit therein. It is unthinkable that the rule could be otherwise. Here, that is precisely what we would sanction if we should sustain the method adopted below for enforcing contribution against the representative, for the plain reasons that the proceedings in the probate court would not be subject to control of the district court (O'Brien v. Larson, 71 Minn. 371, 74 N. W. 148), and by such proceedings the representative would be denied all right of an opportunity for judicial determination of the question whether he is *liable at all* for contribution.

In an action to recover contribution, as we held in Kemerer v. State Farm Mut. Auto Ins. Co. (201 Minn. 244, 276 N. W. 231, 114 A. L. R. 173) *supra,* "the original cause of action may be examined, unaffected by the judgment, in order to determine the issue between them"—that is, the right to contribution. If it should appear that any judgment debtor was guilty of wilful and intentional violation of law, he would not be entitled to contribution. Kemerer v. State Farm Mut. Auto Ins. Co. 211 Minn. 249, 300 N. W. 793, *supra.* Other questions may arise. See, Wold v. Grozalsky, 277

N. Y. 364, 14 N. E. (2d) 437, 122 A. L. R. 518; 13 Am. Jur., Contribution, § 67. Here, liability was imposed upon the representative without inquiry into or judicial determination of the questions bearing upon his liability. As has been pointed out, he has a right to raise such questions and have them judicially determined. This can be done only in an action to recover contribution. These matters are not mere defenses or equitable setoffs. They go to the question of whether there is any right to contribution at all.

We intimate no opinion as to whether a claim for contribution which has matured during a judgment codebtor's lifetime may be filed as a claim against his estate under § 525.411, for the reason that no such claim was filed or is involved here. The sole basis for recovery here is the judgment as such. That, as we have pointed out, does not determine that any of the judgment codebtors is entitled to contribution from any of the others. In the final analysis, the judgment relied on here as establishing a right to contribution fails to do so. There must be a reversal in order to have the rights of the parties determined in a proper action.

Reversed with directions to enter judgment reversing the order of the probate court.