### STATE OF MINNESOTA vs. JOHN H. COLWELL.

### June 2, 1890.

Larceny of Several Articles—Effect of General Verdict.—A general verdict of "guilty" convicts a defendant of all that the indictment well alleges against him. Hence, where the charge is of larceny of several articles of values specified, such a verdict is a finding that the defendant stole every one of them, and that their several values were as averred.

    Evidence held sufficient to justify the verdict.

Appeal by defendant from a judgment of the district court for Hennepin county, where he was tried before Hooker, J., and a jury on an indictment for grand larceny.

R. B. Forrest, for appellant.

Moses E. Clapp, Attorney General, and G. H. Wyman, for the State.

MITCHELL, J. The defendant was indicted for grand larceny in the second degree of a number of articles of personal property of values specified. The jury found a general verdict of "guilty," upon which the court pronounced sentence, in accordance with the statute, (Laws 1887, c. 208,) that the defendant be imprisoned in the Minnesota State Reformatory at St. Cloud.

1. The point is made that the verdict should have found the value of the property. It can hardly be necessary to refer to the elementary proposition that a general finding of guilty convicts a defendant of all that the indictment well alleges against him, and hence that, where the charge is of the larceny of several articles of value specified, a verdict of "guilty" affirms equally that the defendant stole

every one of them, and that their several values were as averred. That there is nothing inconsistent with this in *State* v. *Coon,* 18 Minn. 464, (518,) relied on by counsel, will be apparent from an examination of the facts of that case.

2. It is also urged that no proper judgment was entered against the defendant. If by this is meant that the sentence itself, which is the judgment of the law upon the verdict, should recite all the various steps, from the finding of the indictment down to the verdict, of course there is nothing in the point. If, however, it means that the clerk of the court has failed after sentence to make up a proper judgment-roll, as required by Gen. St. *c.* 118, § 1, it is sufficient to say that the record fails to show it.

3. The only other assignments of error which counsel urged upon the argument may all be summed up in one, viz., that the verdict was not justified by the evidence. A careful perusal of the case satisfies us that the evidence was amply sufficient to justify a verdict of guilty. While it is true, as counsel claims, that inferences are to be drawn from the evidence, and not against it, yet a jury is not confined to any particular theory of the case in considering the evidence, nor bound to either accept or reject the entire testimony of a witness. There was abundant evidence, circumstantial as well as direct, to warrant the jury in concluding that the witness Brady and defendant entered into a criminal conspiracy to run off with these goods, and fraudulently deprive the owner of them by appropriating them to their own use. And if this was so, the fact that in the execution of this criminal purpose Brady might have assumed, without authority from the owner, to sell, and defendant to buy, a part of the goods, would not constitute an appropriation by defendant under claim of title preferred in good faith. The circumstances surrounding this alleged sale by Brady to defendant (assuming that it took place) were so suspicious that certainly the good faith of the transaction was a question for the jury.

The other assignments of error were not urged on the argument, and an examination of them shows that they have no substantial basis.

Judgment affirmed, and stay of execution vacated.