IN THE MATTER OF THE APPEAL FROM PROBATE COURT, ETC.

JOHN HAYFORD AND OTHERS v. W. F. DAUGHERTY, AS EXECUTOR.[1]

October 31, 1919.

No. 21,432.

**What constitutes a statutory "claim" against an estate.**

> A pecuniary obligation, imposed upon the estate of a deceased person by a contract made in his lifetime, constitutes a "claim" within the meaning of the statutes for the presentation and allowance of claims against such estates, G. S. 1913, § 7323, even though it could not be enforced against decedent in his lifetime.

[1]Reported in 174 N. W. 442.

Action in the district court for Pope county to recover $1,200. The facts are stated in the opinion. The executor's demurrer to the complaint on the grounds that the court had no jurisdiction of the subject matter; that there was a defect of parties defendant; that there was a defect of parties plaintiff; that the facts stated in the complaint did not constitute a cause of action; and that the probate court was without jurisdiction to hear, consider and determine the claim referred to in the complaint, was overruled. The case was tried before Flaherty, J., who when plaintiffs rested denied defendant's motion to dismiss the action, and at the close of the testimony motions of the plaintiffs and defendant respectively for directed verdicts in their favor, and a jury which returned a verdict for $1,185. From an order denying his motion for judgment notwithstanding the verdict or for a new trial, the executor appealed. Affirmed.

*Julius O. Grove,* and *James B. Ormond,* for appellant.
*E. M. Webster* and *Henry T. Ronning,* for respondents.

BROWN, C. J.

Lucitta Kinney Jones, late of Pope county, died on the eleventh day of May, 1915, leaving what purported to be her last will and testament, which was subsequently allowed as such by the probate court. Appellant herein was duly commissioned executor and duly qualified and entered upon the discharge of his duties. Respondents appeared in the probate court and presented a statement of facts in and by which they asserted a claim against the estate in the sum of $1,200. To this statement or claim the executor interposed an objection, on the ground that the facts set forth therein did not constitute a "claim" within the meaning of our statutes on the subject of the allowance of claims against the estates of deceased persons, namely, G. S. 1913, § 7323, et seq. The probate court overruled the objection, heard the matter on the merits and allowed the claim. The executor appealed to the district court, where the questions presented were submitted to a jury, and a verdict returned in favor of respondents for the sum of $1,000 and interest. The executor appeals from an order denying a new trial.

The only question raised or presented is whether the facts relied upon by respondents constitute a "claim" against the estate within the mean-

ing of our probate law. The facts made the basis of the claim are set out in the complaint which was filed in the cause after the appeal to the district court as follows:

"That some time prior to the death of the said Susan Hayford and during the lifetime of the said Lucitta Kinney Jones, her daughter, the said Susan Hayford, her mother, in consideration of love and affection, loaned to the said Lucitta Kinney Jones the sum of twelve hundred dollars upon the understanding and agreement that the said Lucitta Kinney Jones was to have and keep the possession thereof and have the use thereof as long as the said Lucitta Kinney Jones should live, and with the agreement and understanding together each with the other that upon the death of the said Lucitta Kinney Jones the said sum of twelve hundred dollars, in consideration of love and affection for her children herein mentioned, should be and was to be turned over and paid to and to become the property of her other children;" namely, respondents in this action.

The trial court held that the contract and agreement, if in fact entered into as alleged in the complaint, vested in respondents a right to the money on the death of decedent, and constituted a claim against her estate within the meaning and purpose of our statutes in such cases provided, and submitted the evidence to the jury to determine the facts.

Without stopping to consider a question that might arise on a similar state of facts, but not here raised or presented, namely, whether the beneficiaries under such a contract, being strangers to the transaction, may enforce the same by proceedings at law or otherwise, 6 R. C. L. 882 and 892, we concur in the view of the trial court that the facts here disclosed constitute a claim against the estate, properly presentable in the probate proceedings. The transaction took the form of a loan of money by Mrs. Hayford to her daughter, Mrs. Jones, to be retained by the latter during her life, the money then to become the property of and to be paid over to the other children of Mrs. Hayford. By the acceptance of the loan Mrs. Jones assumed the obligations thereof and her estate necessarily became charged with the performance of the stipulation that the money should then "be paid to and become the property of" the respondents. It was a pecuniary obligation and created a claim against her estate within the meaning of our statutes on the subject. Winston v. Young, 52 Minn. 1,

53 N. W. 1015; In re Hess' Estate, 57 Minn. 282, 59 N. W. 193; Wagner v. Seaberg, 138 Minn. 37, 163 N. W. 975. It is not important that the claim could not have been enforced against decedent, Mrs. Jones, in her lifetime. It is sufficient that it was an obligation imposed upon her, charging her estate with liability therefor. The case of Knutsen v. Krook, 111 Minn. 352, 127 N. W. 11, 20 Ann. Cas. 852, is not opposed to this view of the question. In stating the general rule on the subject in that case there was no intention of holding that a "claim" within the probate statutes must be one that may be enforced against the decedent in his lifetime.

The suggestion of appellant that the transaction took the form of a trust is not sustained. Such was not the purpose of the parties.

Order affirmed.