**Martin MELINA, Respondent,**

v.

**Sergeant William CHAPLIN, et al., Appellants.**

**No. 81–1005.**

Supreme Court of Minnesota.

Dec. 10, 1982.

Rehearing Denied Jan. 28, 1983.

Robert J. Alfton, City Atty., and Mary M. Wahlstrand, Asst. City Atty., Minneapolis, for appellants.

Bruce C. Douglas, Edina, for respondent.

KELLEY, Justice.

A Hennepin County jury found that on June 12, 1976 appellant William Chaplin, a Minneapolis police officer, had assaulted and battered respondent during the course of and following an arrest of the respondent. Following entry of judgment awarding respondent $2,000 in compensatory damages and $35,000 in punitive damages, the trial court denied appellants' motion for a new trial or, in the alternative, for a remittitur of the punitive damages award. Appellants appeal from that order. We affirm.

Appellants first contend that there was insufficient evidence to support the jury's finding that appellant William Chaplin (Chaplin) had committed an assault and battery on respondent Martin Melina, Sr. (Melina). It was the claim of respondent and his witnesses that after he had been placed under arrest, handcuffed with his hands behind him, and placed in the rear seat of a Minneapolis police squad car, Chaplin entered the car and assaulted him with "sap" gloves, causing respondent personal injuries. On the other hand, it was the claim of Chaplin that at no time after the respondent had been arrested and placed in the squad car did he enter the squad car. Considering the evidence in the light most favorable to the prevailing party, as we must, *Stuempges v. Parke, Davis & Co.*, 297 N.W.2d 252, 256 (Minn.1980), we cannot conclude the jury's verdict was manifestly and palpably contrary to the evidence. *Carpenter v. Mattison*, 300 Minn.

273, 276, 219 N.W.2d 625, 629 (1974). The evidence on this issue was sharply disputed. To resolve the dispute, the jury had to weigh the credibility of appellant Chaplin and his witnesses and of respondent Melina and his witnesses. It is the jury's function to determine credibility. *Young v. Wlazik*, 262 N.W.2d 300, 310 (Minn.1977). The jury resolved the credibility issue in favor of respondent. By its verdict, the jury indicated that, in its opinion, respondent and his witnesses were more credible and that, in fact, respondent was viciously assaulted and battered by appellant Chaplin in the rear of the police squad car.

Next, appellants contend the award of punitive damages was excessive as a matter of law. In denying appellants' motion for a new trial or, in the alternative, for a remittitur, on this issue the trial court noted that "[n]o testimony was offered in relation to Chaplin's ability to pay * * *." An examination of the record shows that neither during the trial nor at the time of the post-trial motion was any evidence presented concerning Chaplin's ability to pay a punitive damage award. In reviewing an order of the trial court, we are confined to an examination of the record to ascertain whether there is evidence to sustain the judge's action. As indicated, neither the trial court nor this court has been furnished with any evidence submitted by either party respecting Chaplin's ability to pay the punitive damage award.[1]

Appellants appeal also from an order of the trial court taxing costs and disbursements. This issue was not argued in the briefs and accordingly must be deemed waived. *Pautz v. American Insurance Co.*, 268 Minn. 241, 251–52, 128 N.W.2d 731, 738 (1964); *Haugen v. Swanson*, 222 Minn. 203, 207, 23 N.W.2d 535, 537 (1946); *Louden v. Louden*, 221 Minn. 338, 339, 22 N.W.2d 164,

---

1. Some members of this court question whether the punitive damage award here was excessive. Had there been any evidence furnished to the jury or the court reflecting on Chaplin's lack of ability to pay, we might well have remanded for a new trial or remittitur. The purpose of punitive damages is to both punish and deter according to the gravity of the act giving rise to a punitive damage award, but an award should not exceed the level necessary to properly punish and deter. *See Neal v. Farmers Insurance Exchange*, 21 Cal.3d 910, 928, 148 Cal.Rptr. 389, 399, 582 P.2d 980, 990 (1978).

166 (1946); *Kaehler v. Kaehler,* 219 Minn. 536, 537, 18 N.W.2d 312, 313 (1945).

Accordingly, we affirm the trial court's order denying a new trial and in denying a remittitur.