**ESTATE of Dan Lincoln HADAWAY,
Decedent.**

No. A03–403.

Court of Appeals of Minnesota.

Sept. 23, 2003.

Robert F. Henson, Henson & Efron, P.A., Minneapolis, MN, for appellant.

Thomas E. Gorman, Thomas E. Gorman Law Office, Red Wing, MN, for respondent.

Considered and decided by HARTEN, Presiding Judge, ANDERSON, Judge, and WRIGHT, Judge.

## OPINION

G. BARRY ANDERSON, Judge.

Appellant Joy Hadaway appeals from the denial of her claim against the estate of decedent Dan Hadaway. The district court concluded that appellant's claim was untimely because it exceeded the statutory-limitations period for presenting a claim against the estate. We reverse.

## FACTS

The marriage of appellant Joy Hadaway and decedent Dan Hadaway was dissolved on May 19, 1978. Decedent subsequently married Mary E. Hadaway. Based on a stipulation between appellant and decedent, an amended dissolution judgment

was entered by the district court on August 8, 1994, directing decedent to either maintain life insurance providing a lump-sum death benefit in the amount of $175,000 payable to appellant upon his death, or, alternatively, to provide in some other manner for the tax-free payment of that amount to appellant within 60 days following his death. This payment was contingent on appellant surviving her former husband and not remarrying. Decedent did not fulfill this obligation prior to his death on December 17, 2001.

Both decedent's ex-wife, Joy Hadaway, and decedent's widow, Mary Hadaway, survived decedent. Mary Hadaway became the personal representative of decedent's estate. Appellant has not remarried. Mary Hadaway made two payments of $30,000 each to appellant, apparently representing the entirety of life-insurance proceeds received after decedent's death.

Appellant, as a creditor, filed a petition for formal adjudication of intestacy, determination of heirs, and appointment of personal representative on July 25, 2002. That same day, the clerk of the probate court issued a standard notice stating that all creditors having claims against the estate were required to present the claims to the personal representative or to the court within four months after the date of the notice, i.e., by December 25, 2002; unpresented claims would be forever barred.

After it became apparent that the estate would not pay appellant the remainder of the amount allegedly due her—$115,000—appellant commenced a lawsuit against Mary Hadaway personally, as well as in her capacity as personal representative on September 17, 2002. In her role as personal representative, Mary Hadaway filed a notice disallowing appellant's claim against the estate on October 11, 2002. But because appellant did not consider the September 2002 complaint to contain a formal statement of her claim against the estate, appellant submitted a separate written statement of claim on October 22, 2002, approximately ten months after decedent's death and within the four-month period provided by the clerk's notice.[1]

Appellant challenged the personal representative's denial of her claim, and on April 1, 2003, the district court affirmed. The district court held that the latest appellant's claim could have arisen was 60 days after Dan Hadaway's death, on or before February 15, 2002. The district court determined that Minn.Stat. § 524.3–803(b)(2) (2002) barred appellant's claim because it was made either on September 17, 2002, or October 22, 2002, both dates exceeding the limitation period set by statute. This appeal followed.

## ISSUE

Did the district court properly construe Minn.Stat. § 524.3–803 (2002), by holding that appellant's claim arose "at or after the death of the decedent" and that, therefore, it was barred by the four-month statutory-limitation on claims found in that statutory section?

## ANALYSIS

■ The application of a statute to the undisputed facts of a case involves a question of law, and the district court's decision is not binding on this court. *O'Malley v. Ulland Bros.*, 549 N.W.2d 889, 892 (Minn. 1996). Statutory construction is a question of law, which we review de novo. *See Brookfield Trade Ctr., Inc. v. County of Ramsey*, 584 N.W.2d 390, 393 (Minn.1998).

1. Whether appellant's claim was contained in the lawsuit or the later statement of claim is not material to the dispute here.

The central issue here is whether the district court properly construed Minn. Stat. § 524.3–803 (2002). Appellant argues that because her claim required her ex-husband to provide a means by which $175,000 would be transferred to her tax-free upon his death, that this claim arose on August 8, 1994—when the amended dissolution decree was entered.

Minn.Stat. § 524.3–803 provides various limitations on the presentation of creditors' claims. Significantly, subsection (a)(1) governs "[a]ll claims as defined in section 524.1–201(4) against a decedent's estate" which arise before the decedent's death, requiring that these claims be filed within four months of the clerk's general notice to creditors that is required by law. Minn. Stat. § 524.3–803(a)(1). Minn.Stat. § 524.3–803(b)(2) (2002) governs claims which arise at or after the decedent's death, requiring that such claim be filed within four months after the claim arose. *Id.*

Minn.Stat. § 524.1–201(6) (2002) defines Claims as including

> liabilities of the decedent whether arising in contract or otherwise and liabilities of the estate which arise after the death of the decedent including funeral expenses and expenses of administration. The term does not include taxes, demands or disputes regarding title of a decedent to specific assets alleged to be included in the estate, tort claims, foreclosure of mechanics liens, or to actions pursuant to section 573.02.

Included within this statutory definition are contractual claims against the decedent that would arise before the decedents death, and liabilities of the decedents es-

tate such as funeral expenses, which arise after the death of the decedent. This statutory definition, however, gives no guidance for determining whether a particular claim arose prior to death, at death, or after death.[2]

Because claims that arise before the decedent's death are addressed under Minn. Stat. § 524.3–803(a) (2002), and are not subject to the same limitation for filing found in Minn.Stat. § 524.3–803(b)(2), appellant maintains that her claim for $115,000 is not barred. If subsection (a) applies, as appellant maintains, either appellant's complaint or formal statement of claim would be timely because both were filed before four months had elapsed from the probate court's notice to creditors and each was filed before the December 25, 2002 deadline.

■ The main issue is whether the district court properly concluded that appellant's claim to the unpaid $115,000 arose at the time of decedent's death, and thus Minn.Stat. § 524.3–803(b) controls, or if it arose "before the death of the decedent," in which case Minn.Stat. § 524.3–803(a) would govern. This is an issue of first impression in Minnesota. Although it relied on subsection (b)(2), the district court did not specify when appellant's claim arose; the court only stated that the claim must have arisen either at decedent's death or within 60 days thereafter.

*Stein on Probate* addresses when certain claims in probate arise:

> Probate claims may be classified as to the time they arise: (1) claims arising before death, and (2) claims arising after death. Claims arising before death in-

---

**2.** Although seemingly a claim arising "at death" or "after death" are nearly indistinguishable in point of time, Minn.Stat. § 524.3–803(b)(2) (2002) uses this phrase and we, therefore, must determine if appellant's claim arose prior to decedent's death, at his death, or after his death. We note, however, that claims arising at death and after death are treated in section 524.3–803(b)(2).

clude last illness charges, charges for illness during the year immediately preceding death, personal service charges during lifetime, recovery on warranties, liability as a surety or guarantor, claims of the state or county for support in state or county mental institutions, equitable claims, and other general contract claims. Claims arising after death include accountants' fees, representative's and attorneys' fees, repair and maintenance expenses of property of the estate, insurance premiums, storage costs, platting costs, and charges for all services rendered to the personal representative for the estate. Because claims arising after death usually originate from acts by the personal representative, they occur primarily during administration.

Robert A. Stein, *Stein on Probate*, § 6.01(c) (3d ed.1995).

Stein indicates that most contract claims against the estate arise before death, leaving the claims that arise after death as mostly administrative charges incurred by the personal representative. *See Id.* Consistent with this analysis, we conclude that the dissolution judgment here is akin to a contract agreed to by the parties that is backed by a court order. We therefore hold that it is a contractual claim that arose prior to decedent's death.

There is no dispute that a district court judgment, based on the parties' written stipulation, obligated decedent to provide appellant with a tax-free payment of $175,000 upon his death, as long as appellant was still alive and had not remarried. This obligation of decedent, which he entered into years before his death, is therefore the functional equivalent of a contractual relationship between decedent and appellant. The judgment obligated decedent to take action, while living, to ensure that appellant would receive $175,000

upon decedent's death. In turn, as a condition for receiving payment, appellant was required to forgo remarriage and outlive decedent. Because it is undisputed that appellant has not remarried and has not predeceased decedent, the contractual agreement entered into in 1994 became an obligation of decedent's estate. Simply because the payment was made absolute when decedent died, it does not follow that the contractual duty necessarily *arose* at the time of decedent's death. Rather, it is apparent that from the time of the settlement agreement and district court judgment, that decedent was obligated to make arrangements to provide $175,000 for appellant, either in his will, by life insurance, or by other means.

The fact that appellant's right to the $175,000 could not have been enforced on decedent during his lifetime is irrelevant. In *Hayford v. Dougherty,* 144 Minn. 89, 91, 174 N.W. 442, 442 (1919), the supreme court stated that an obligation that the decedent entered into could be imposed on his estate. Because the term "claim" as used in the state probate statutes did not contemplate only obligations that could be enforced against the decedent during his lifetime, the supreme court held that the decedent's estate was liable for an obligation that vested in the plaintiffs a right to money when the decedent died. *Id.*

Creditors that the personal representative has no knowledge of may be given notice by the general probate court's publication under Minn.Stat. § 524.3–801 (2002). Effectively, this is a form of official notice to all potential creditors that they must assert their claim within four months of the notice or be barred from recovery. Minn.Stat. § 524.3–803(a)(1). If the personal representative has specific knowledge of an existing claim against the decedent, the representative may shorten the limitation period by serving the credi-

tor personally. *See* Minn.Stat. § 524.3–803(a)(2). If the creditor receives personal notice as detailed in Minn.Stat. § 524.3–801(c), the creditor's claim is barred upon the expiration of either four months from the general notice to creditors or one month after personal service, whichever is later. Minn.Stat. § 524.3–803(a)(2).

Presumably, the reason that claims arising before death are treated differently from post-death administrative claims involves the crucial inquiry concerning the knowledge that claimants have of the decedent's death. It is foreseeable that holders of contractual claims may be unaware of the death of the decedent and thus could lose their right to assert their claim due to no fault of their own, unless notice is given to them, either personally or by publication. On the other hand, individuals with claims arising after death, largely due to expenses arising out of the administration of the estate, do not encounter similar difficulties. Because these parties know of the death of the decedent, Minn.Stat. § 524.3–803(b)(2) does not require notice and sets forth only a four-month limitation period from the time the claim arose.

Thus, logically, classifying appellant's claim as arising out of the 1994 judgment is consistent with our reading of the overall purpose of Minn.Stat. § 524.3–803. Since appellant's claim is more akin to a contractual claim in which the creditor is due either notice by publication or personal notice, we conclude that the provisions of Minn.Stat. § 524.3–803(a) apply. Because Mary Hadaway, as personal representative, did not serve appellant with notice personally, the four-month period from the notice to creditors applies, making appellant's claim timely.

We need not determine whether appellant's complaint or her subsequently filed statement of claim constitutes appellant's presentment of her claim because both documents were presented prior to the expiration of the four-month limitation period. The parties also did not argue this issue to the district court and have not addressed this issue on appeal, therefore we will not consider it. *See Thiele v. Stich,* 425 N.W.2d 580, 582–83 (Minn.1988) (holding that we will generally not consider matters not argued and considered by the district court); *Melina v. Chaplin,* 327 N.W.2d 19, 20 (Minn.1982) (holding that issues not briefed on appeal are waived).

## DECISION

The district court erred as a matter of law by concluding that appellant's claim against decedent's estate was barred. Because appellant's claim was equivalent to a contractual obligation entered into prior to decedent's death, appellant was entitled to the four-month limitations period accorded to creditors with contract claims against the decedent. *See* Minn.Stat. § 524.3–803(a)(1) (requiring that "[a]ll claims * * * against a decedent's estate" which arise before the decedent's death be filed within four months of the clerk's general notice to creditors). Accordingly, we reverse the district court's denial of appellant's claim as untimely.

**Reversed.**