*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0482**

State of Minnesota,
Respondent,

vs.

Caroline Mildred Jochum,
Appellant.

**Filed December 29, 2014
Affirmed
Crippen, Judge**[*]

Crow Wing County District Court
File No. 18-CR-12-2913

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Donald F. Ryan, Crow Wing County Attorney, Candace Prigge, Assistant County Attorney, Brainerd, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Davi E. Axelson, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Worke, Presiding Judge; Reyes, Judge; and Crippen, Judge.

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

**UNPUBLISHED OPINION**

**CRIPPEN**, Judge

Appellant Caroline Jochum challenges a guilty verdict of theft under Minn. Stat. § 609.52, subd. 2(1) (2010), arguing that there was insufficient evidence of the theft or that there was insufficient evidence to show that the value of the stolen items was in excess of $1,000. Because there was sufficient evidence to support the verdict, we affirm. We also find no cause for a new trial based on appellant's contention that the district court failed, sua sponte, to strike other-acts testimony that was not introduced to show appellant's character.

## FACTS

Appellant rented a cabin from the victim beginning around April 2008. On October 1, 2009, appellant signed a five-year lease that required her to pay $223 per month to the victim, and a housing assistance program would pay the remainder of the rent. The lease permitted appellant to use the garage, tools, and other furniture that the victim left in the cabin. The victim also provided appellant with money to purchase a boat, trailer, and dock for the cabin. Appellant never made rental payments, but the victim did not try to evict her until he was served with a search warrant for drugs on the premises. The victim pointed to appellant's drug possession at trial as the reason he decided to evict her. Appellant was ordered to vacate the cabin on March 31, 2012, by court order. Appellant moved out and was accused of taking the contents of the furnished cabin together with a boat, trailer, and dock. Appellant also allegedly took power tools

and hand tools from the garage. Appellant claimed that the victim had given her all of the items.

Appellant was charged with violation of Minn. Stat. § 609.52, subd. 2(1), for theft over $1,000 but less than $5,000. A jury found appellant guilty of theft after a trial in August 2013. In December, the district court stayed imposition of appellant's sentence and placed her on probation for five years with conditions including jailing for 60 days.

## D E C I S I O N

1.     Sufficient evidence.

Appellant makes three arguments regarding the theft conviction, that (a) everything she took from the cabin was given to her by the victim, so there was not sufficient evidence to convict her, (b) circumstantial evidence was not sufficient to convict her of stealing tools from the garage, and (c) the value of the stolen goods was not proven at trial. The state argues that it presented direct evidence of theft, and the jury had sufficient evidence with which to convict appellant.

Appellate review of a challenge to the sufficiency of the evidence is "limited to a painstaking analysis of the record to determine whether the evidence, when viewed in a light most favorable to the conviction, was sufficient to permit the jurors to reach the verdict which they did." *State v. Webb*, 440 N.W.2d 426, 430 (Minn. 1989). The court "will construe the record most favorably to the state and will assume the evidence supporting the conviction was believed and the contrary evidence disbelieved." *State v. Pieschke*, 295 N.W.2d 580, 584 (Minn. 1980). When a case is based on conflicting

testimony, it is the exclusive function of the jury to choose between conflicting versions of the incident. *Id.*

In Minnesota, theft occurs where one "intentionally and without claim of right takes, uses, transfers, conceals or retains possession of movable property of another without the other's consent and with intent to deprive the owner permanently of possession of the property." Minn. Stat. § 609.52, subd. 2(1). If the value of the stolen property is more than $1,000 but not more than $5,000, the suspect faces imprisonment for not more than five years or a fine. *Id.*, subd. 3(3) (2010).

The alleged stolen items are a bedroom set, a kitchen table and chairs, a microwave, hand tools, a table saw, planer, drill press, boat, trailer, dock, and plates and other utensils from the kitchen. At trial, appellant's daughter and another witness testified that they heard the victim give appellant the alleged stolen items. They also testified that they did not believe that items taken were stolen. In contrast, the victim testified that he allowed appellant to use the items while she rented the cabin, but that he never gave the items to appellant. The victim also testified that he told appellant to leave all of his property at the cabin when she moved.

The jury found appellant guilty of theft. A guilty conviction where the charge is theft of several articles "affirms . . . that the defendant stole every one of them." *State v. Colwell*, 43 Minn. 378, 378-79, 45 N.W. 847, 847 (1890). It is the exclusive function of the jury to choose between conflicting testimony, and this court will not second guess its determination. *Pieschke*, 295 N.W.2d at 584. The verdict shows the jury's belief that the

4

victim was allowing appellant to use his property while appellant leased the premises and did not make a gift of the property to appellant.

Appellant also argues that the state's case regarding the theft of the tools in the garage was based on circumstantial evidence that did not support a conviction. When an element of a crime is proved by circumstantial evidence, we apply heightened scrutiny, first identifying the circumstances proved, then "defer[ring] to the fact-finder's acceptance of the proof of these circumstances," and rejecting evidence that the fact-finder found contrary to the circumstances proved. *State v. Hokanson*, 821 N.W.2d 340, 354 (Minn. 2012) (quotation omitted). We then independently examine "the reasonableness of all inferences that might be drawn from the circumstances proved" without deferring to the fact-finder's choice between inferences. *State v. Al–Naseer*, 788 N.W.2d 469, 473-74 (Minn. 2010) (quotation omitted). To support a conviction, "the circumstances proved must be consistent with guilt and inconsistent with any rational hypothesis except that of guilt." *State v. Andersen*, 784 N.W.2d 320, 330 (Minn. 2010).

The circumstances proved at trial are that (a) appellant took a boat, trailer, dock, and everything from inside the cabin when she moved out; (b) appellant had access to the garage and tools; and (c) appellant's neighbor testified that there were no tools in the garage after appellant moved out. There is no evidence in the record indicating that someone broke into the garage. The circumstances proved are consistent with appellant taking the tools and inconsistent with any other hypothesis because there was no evidence to support speculation that a robbery or break-in of the garage occurred. *See State v.*

*Lahue*, 585 N.W.2d 785, 789 (Minn. 1998) ("An alternative theory does not justify a new trial if that theory is not plausible or supported by the evidence.").

Finally, appellant challenges the value of the stolen items. The value of stolen property is determined by the "retail market value at the time of the theft, or if the retail market value cannot be ascertained, the cost of replacement of the property within a reasonable time after the theft." Minn. Stat. § 609.52, subd. 1(3) (2010). A jury can accept an owner's testimony as to the value of his or her own property. *State v. Clipper*, 429 N.W.2d 698, 700 (Minn. App. 1988); *Foot v. Yorkshire Fire Ins. Co.*, 205 Minn. 478, 479-80, 286 N.W. 400, 401 (1939) (holding that owner can testify to the property's "value without any particular foundation being laid"). Also, the jury can use the owner's testimony as to the original purchase price and a view of the stolen property to arrive at a replacement value. *State v. Arnold*, 292 Minn. 495, 496, 196 N.W.2d 125, 126 (1972).

The victim testified that the bedroom set was refurbished with a new mattress and worth $700, and three power tools were worth $1,300. These items alone show a $1,000 loss, even taking into account that the neighbor of the victim thought one of the power tools was worth $550 less than the victim believed. The victim also testified that his stolen hand tools could be replaced with used items for $200. In addition, the state produced evidence showing that the dock cost $1,500, the boat and trailer $1,400, the microwave $120, and the kitchen table and chairs $200. Evidence of the kitchen items ($320) included photographs of the items. In further support of the value of the goods, the state introduced pictures of the kitchen table and chairs, the microwave, and the

bedroom set. The record includes sufficient evidence to support the jury's determination that appellant stole more than $1,000 worth of property. *See Clipper*, 429 N.W.2d at 700.

2.      Other-acts testimony.

The victim testified at trial that he evicted appellant because she had drugs on the premises. Neither party objected to this testimony. The district court did not sua sponte strike the evidence or give cautionary instructions. Appellant argues that the victim's testimony regarding appellant's drug possession was *Spreigl* evidence and its introduction was plain error. The state argues that the victim's unelicited statements were necessary to put the change in his relationship with appellant in context.

The failure to object to *Spreigl* testimony constitutes waiver of the right to appeal unless (a) there was error, (b) the error was plain, and (c) the error affects the defendant's substantial rights. *State v. Vick*, 632 N.W.2d 676, 684-85 (Minn. 2001). To satisfy the third prong, a defendant bears a "heavy burden" of persuasion to show that "the error was prejudicial and affected the outcome of the case." *State v. Griller*, 583 N.W.2d 736, 741 (Minn. 1998). If those three prongs are met, this court may correct the error if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *State v. Washington*, 693 N.W.2d 195, 204 (Minn. 2005) (quotation omitted). But a district court's failure to sua sponte strike unnoticed *Spreigl* evidence or provide a cautionary instruction is not ordinarily plain error. *Vick*, 632 N.W.2d at 685.

"Evidence of another crime, wrong, or act is not admissible to prove the character of a person in order to show action in conformity therewith." Minn. R. Evid. 404(b). But other-acts evidence is admissible to prove "motive, opportunity, intent, preparation, plan,

7

knowledge, identity, or absence of mistake or accident." *Id.* Other-acts evidence is not inadmissible under the rule when it is used for some purpose other than to show that the person acted in conformity with her character. *State v. Axford*, 417 N.W.2d 88, 92 (Minn. 1987) (holding that other-acts evidence was admissible, in part, because it was relevant to giving the jurors context of why a sexual-abuse victim did not come forward right away). If the evidence is admitted for some other purpose, then the court should engage in a rule 403 prejudice analysis.[1] *Id.*

The drug investigation evidence was not introduced to prove that appellant acted in conformity with her character but came into testimony to provide context for her eviction. The record shows that appellant asked several questions regarding the eviction that led to the introduction of the other-acts evidence, including whether the victim got mad at appellant and decided to evict her out of anger, and whether the victim decided to evict appellant because she rejected his advances to be more than acquaintances. Appellant's questions implied that the victim was a scorned admirer who evicted appellant because she rejected his advances, which was damaging to the victim's credibility as a witness. The victim responded to these questions by explaining that he decided to evict appellant because of her drug problems. The other-acts evidence was therefore relevant to rebut appellant's theory that the victim was an untrustworthy,

---

[1] Appellant did not make a rule 403 relevancy objection to the victim's testimony at trial or make those arguments on appeal; this court therefore does not need to consider whether the probative value is substantially outweighed by the danger of unfair prejudice under rule 403. *See Roby v. State*, 547 N.W.2d 354, 357 (Minn. 1996) (holding that appellate court only decides issues raised before the district court); *see also Melina v. Chaplin*, 327 N.W.2d 19, 20 (Minn. 1982) (holding that issues not briefed on appeal are waived).

scorned admirer who gave the property to appellant and only called the police out of revenge. *See State v. Yang*, 644 N.W.2d 808, 817 (Minn. 2002) (affirming the admission of other-acts evidence because it was relevant to rebut appellant's claim that he was afraid of the victim). Because the other-acts evidence was not admitted for improper purposes, we deny appellant's request for a new trial.

**Affirmed.**