*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-0463**

Wayne Nicolaison,
Appellant,

vs.

Kevin Moser,
Director of Minnesota Sex Offender Program,
Respondent

**Filed November 7, 2016
Affirmed
Worke, Judge**

Carlton County District Court
File No. 09-CV-14-2045

Wayne Nicolaison, Moose Lake, Minnesota (pro se appellant)

Lori Swanson, Attorney General, Aaron Winter, Assistant Attorney General, Anthony R. Noss, Assistant Attorney General, St. Paul, Minnesota (for respondent)

Considered and decided by Connolly, Presiding Judge; Worke, Judge; and Ross, Judge.

**U N P U B L I S H E D   O P I N I O N**

**WORKE**, Judge

Appellant challenges the district court's dismissal of his complaint and denial of postjudgment relief, arguing that he has been deprived of statutorily granted privacy

rights through the ex post facto application of Minnesota's civil-commitment statutes. We affirm.

## FACTS

In 1992, appellant Wayne Nicolaison was committed for an indeterminate period as a psychopathic personality due to a history of violent sexual behavior. On October 20, 2014, Nicolaison filed a complaint against respondent Kevin Moser, Director of the Minnesota Sex Offender Program (MSOP), seeking injunctive and declaratory relief. The complaint alleged the following: (1) Nicolaison's statutory right to privacy has been violated by continuous confinement with another resident in a room with an exposed toilet; (2) Nicolaison has a lack of privacy due to exposed bathroom facilities; (3) it "is inhumane … to forcibly subject an individual to close quarters with another person 24/7 in a small room for multiple years without relief"; (4) said confinement is detrimental to Nicolaison's mental health and physical being; and (5) Nicolaison is subject to humiliating, "punitive detention" in violation of Minnesota statutes concerning "patient rights."

Moser moved to dismiss Nicolaison's complaint pursuant to Minn. R. Civ. P. 12.02(e). The district court granted Moser's motion. Nicolaison sought postjudgment relief, which the district court denied. Nicolaison appeals.

## D E C I S I O N

In reviewing a dismissal pursuant to Minn. R. Civ. P. 12.02(e) for failure to state a claim on which relief can be granted, "the question before [an appellate] court is whether the complaint sets forth a legally sufficient claim for relief." *Hebert v. City of Fifty*

2

*Lakes*, 744 N.W.2d 226, 229 (Minn. 2008). "[Appellate courts] review de novo whether a complaint sets forth a legally sufficient claim for relief." *Walsh v. U.S. Bank, N.A.*, 851 N.W.2d 598, 606 (Minn. 2014).

A pleading must "contain a short and plain statement of the claim showing that the pleader is entitled to relief and a demand for judgment for the relief sought." Minn. R. Civ. P. 8.01. "[Appellate courts] consider only those facts alleged in the complaint, accepting those facts as true and construing all reasonable inferences in favor of the non-moving party." *In re Individual 35W Bridge Litig.*, 806 N.W.2d 811, 815 (Minn. 2011). However, legal conclusions contained in a complaint do not bind this court. *Bahr v. Capella Univ.*, 788 N.W.2d 76, 80 (Minn. 2010).

Nicolaison does not expressly assert that his complaint set forth a legally sufficient claim for relief; he presents two identifiable arguments: (1) his transfer from MSOP in St. Peter to MSOP in Moose Lake violated his right to due process; and (2) he has been deprived of statutorily granted privacy rights through the ex post facto application of Minnesota's civil-commitment statutes.

The issue of Nicolaison's transfer to Moose Lake is not properly before this court. *See Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn. 1988) (stating that a reviewing court generally will not consider matters not argued to and considered by the district court). Nicolaison's complaint made no reference to a change in facilities or a transfer to Moose Lake, and the district court did not address this issue in dismissing the complaint.

All other issues raised in Nicolaison's complaint are not properly before this court for lack of briefing. *See Melina v. Chaplin*, 327 N.W.2d 19, 20 (Minn. 1982) (stating that

3

issue not briefed is forfeited). Further, additional issues that were raised for the first time on appeal are not properly before this court. *Thiele*, 425 N.W.2d at 582.

In sum, the only issue that was presented to the district court and properly briefed to this court is Nicolaison's ex post facto claim.

Nicolaison argues that (1) he is entitled to more privacy; (2) he previously had more privacy rights under the laws in effect at the time he was committed; (3) he has been arbitrarily denied his privacy rights through the ex post facto application of more recent laws; and (4) this arbitrary deprivation of rights is unconstitutional.

Nicolaison's reliance on the Ex Post Facto Clause of the United States Constitution is misplaced. Minnesota's commitment statutes do not violate the constitutional prohibition on ex post facto laws, in part, because they are civil and not punitive in nature. *In re Linehan*, 594 N.W.2d 867, 871-72 (Minn. 1999).

Further, Nicolaison is not subject to an earlier incarnation of Minnesota's commitment statutes because Minn. Stat. § 253D.02, subd. 4 (2014) defines a "committed person" under the Minnesota Commitment and Treatment Act: Sexually Dangerous Persons and Sexual Psychopathic Personalities (MCTA-SDPSPP), Minn. Stat. §§ 253D.01-.36 (2014 & Supp. 2015) to include persons committed as a psychopathic personality or sexual psychopathic personality "under any previous statute including [Minn. Stat. §] 526.10."

Nicolaison references a "savings clause," alleging that it entitles him to more privacy rights. *See* 1994 Minn. Laws 1st Spec. Sess. ch. 1, art. 1, § 5, at 8 (noting the reenactment of the psychopathic personality statutes was not intended to change the

interpretation or application of the law). However, as previously discussed, Nicolaison is subject to the MCTA-SDPSPP.

Lastly, Minn. Stat. § 144.651, subd. 19 (2014), upon which Nicolaison relies as a source for statutory privacy rights, merely requires that privacy be considered; it does not grant the right to bathroom privacy or private sleeping quarters. Likewise, Minn. R. 4665.2200 (2015) provides for bathroom privacy unless "contraindicated by program needs." *See* Minn. R. 9515.3040, subp. 2 (2015) (requiring policies at MSOP in Moose Lake to prevent abuse and predation, monitor for contraband, and provide a safe environment).

In sum, dismissal of Nicolaison's complaint was proper because Minnesota's commitment statutes do not violate the Ex Post Facto Clause, Nicolaison is subject to the MCTA-SDPSPP, Nicolaison did not retain rights as a result of a savings clause, and Nicolaison has failed to point to applicable statutory privacy rights.

Nicolaison moved for postjudgment relief under Minn. R. Civ. P 60.02(d), arguing that the district court did not have jurisdiction. Neither party briefed this issue. We will not address it. *See Melina*, 327 N.W.2d at 20.

**Affirmed.**