*This opinion is nonprecedential except as provided by
Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A23-0870**

Travis Dollerson,
Appellant,

vs.

Maplewood Auto Mall/Cooper Motors, LLC,
Respondent.

**Filed April 29, 2024
Affirmed
Smith, Tracy M., Judge**

Ramsey County District Court
File No. 62-CV-22-340

Travis Dollerson, Coon Rapids, Minnesota (pro se appellant)

Carol R. M. Moss, Hellmuth & Johnson, PLLC, Edina, Minnesota (for respondent)

Considered and decided by Connolly, Presiding Judge; Smith, Tracy M., Judge; and

Reilly, Judge.[*]

**NONPRECEDENTIAL OPINION**

**SMITH, TRACY M.**, Judge

Appellant Travis Dollerson challenges the default judgment entered against him as

a sanction for his failure to appear at a pretrial conference. We affirm.

_____

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to
Minn. Const. art. VI, § 10.

## FACTS

Dollerson sued respondent Maplewood Auto Mall/Cooper Motors, LLC (Maplewood Auto Mall) in conciliation court, asserting claims of fraud and breach of contract arising from Maplewood Auto Mall's sale of a used car to Dollerson. After a contested hearing, the conciliation court issued an order for judgment in favor of Dollerson based on its finding of misrepresentation by Maplewood Auto Mall. Maplewood Auto Mall removed the case to district court, which vacated the conciliation court's judgment.

Maplewood Auto Mall then filed a counterclaim against Dollerson, alleging that Dollerson "claw[ed] back" $500 that he had paid by credit card to Maplewood Auto Mall on the purchase price of the car. The district court issued an order directing the parties to appear at a pretrial settlement conference scheduled for December 30, 2022.

Dollerson, who was representing himself, failed to appear at the settlement conference. Maplewood Auto Mall appeared at the conference and orally requested default judgment. In January 2023, Dollerson filed a letter requesting that the case be rescheduled, claiming that he had been unaware of the settlement conference. Maplewood Auto Mall objected to Dollerson's request. In an April 11, 2023 order, the district court granted Maplewood Auto Mall's request for default judgment and ordered default judgment against Dollerson as a sanction for his failure to appear at the settlement conference. The district court dismissed Dollerson's claims against Maplewood Auto Mall and awarded Maplewood Auto Mall $500 in damages on its counterclaim and $700 in attorney fees. On April 17, 2023, the district court entered its judgment.

Dollerson appeals.

**DECISION**

Dollerson asserts that "[t]he court made a decision without hearing [his] argument (due process)." But he makes no argument regarding the entry of default judgment, including an award of attorney fees, as a sanction for nonappearance at a pretrial conference. Issues not briefed on appeal are forfeited. *Melina v. Chaplin*, 327 N.W.2d 19, 20 (Minn. 1982). We recognize that Dollerson represents himself in this appeal. But, "[a]lthough some accommodations may be made for pro se litigants, this court has repeatedly emphasized that pro se litigants are generally held to the same standards as attorneys and must comply with court rules." *Fitzgerald v. Fitzgerald*, 629 N.W.2d 115, 119 (Minn. App. 2001).

Even if we were to reach the merits of the sanctions question, the record does not demonstrate error. "We review an entry of default judgment for abuse of discretion." *Laymon v. Minn. Premier Props., LLC*, 903 N.W.2d 6, 17 (Minn. App. 2017), *aff'd*, 913 N.W.2d 449 (Minn. 2018); *cf. Frontier Ins. Co. v. Frontline Processing Corp.*, 788 N.W.2d 917, 922 (Minn. App. 2010) (reviewing entry of default judgment as discovery sanction for abuse of discretion), *rev. denied* (Minn. Dec. 14, 2010).

Minnesota Rule of Civil Procedure 16.06 provides that a district court may impose sanctions for nonappearance at a pretrial conference, stating:

> [I]f no appearance is made on behalf of a party at a . . . pretrial conference, . . . the court, upon motion or upon its own initiative, may make such orders with regard thereto as are just, including any of the orders provided in Rule 37.02(b)(2), (3), (4). In lieu of or in addition to any other sanction, the court shall require the party . . . to pay the reasonable expenses incurred because of any noncompliance with this rule,

3

> including attorney fees, unless the court finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust.

Rule 16.06 specifically authorizes the award of attorney fees for noncompliance. It also generally authorizes the district court to make such orders that are just, including any of the orders provided in Minnesota Rule of Civil Procedure 37.02(b)(3). One of the orders provided in rule 37.02(b)(3) is an order "rendering a judgment by default against the disobedient party."

In his request for a continuance, Dollerson asserted that he "did not intend to miss the court-ordered settlement conference" but that he did not appear because he did not receive notice of it. Apart from that letter, there is no evidence in the record that the reason Dollerson failed to appear was that he did not receive notice of the settlement conference. The record demonstrates that, in April 2022, the district court issued a notice to Dollerson informing him that the settlement conference would be held on December 30, 2022. Dollerson has not shown that the district court abused its discretion in rejecting the reason he advanced for his nonappearance.

Because Dollerson failed to appear at a pretrial conference, the district court, in response to Maplewood Auto Mall's request, was authorized to enter default judgment on Dollerson's claims and on Maplewood Auto Mall's counterclaim for the $500 payment. The district court was also authorized to award $700 in attorney fees to Maplewood Auto Mall. On this record, the district court did not abuse its discretion by entering default judgment, including an award of attorney fees, as a sanction.

Dollerson also argues the merits of his underlying fraud and breach-of-contract claims. Because the district court did not consider the merits of Dollerson's claims when determining whether to dismiss them by default judgment, they are not properly before this court. *See Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn. 1988) (stating that the scope of review on appeal is generally limited to issues presented to and considered by the district court). We therefore decline to consider them.

**Affirmed.**